## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

LIZANNE REYES-FELICIANO, ET AL.,

    Plaintiffs,

                v.

MARSHALLS, ET AL.,

    Defendants.

CIVIL NO. 14-1234 (PAD)

## OPINION AND ORDER

Delgado-Hernández, District Judge.

Plaintiff Lizanne Reyes-Feliciano initiated this action against her employer and current supervisor – Marshalls and Mr. Radamés López – under various Federal and Puerto Rico statutory provisions (Docket No. 1).[1]  Her son joined in the action, claiming to have suffered damages on account of his mother's suffering.  Id. at ¶ 24.  Before the court is defendants' Motion for Summary Judgment (Docket No. 31), which plaintiffs opposed (Docket No. 45).  For the reasons explained below, the motion is GRANTED and the case DISMISSED.

## I.    STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is need for trial.  Mesnick v. General Electric Co.,

---

[1] More specifically, the American with Disabilities Act, 42 U.S.C. §§ 12102, et seq. ("ADA"); the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.  ("ADEA"); Puerto Rico's Unjust Discharge Act, Law No. 80 of May 30, 1976, P.R. Laws Ann. tit. 29 §§ 185a, et seq. ("Law 80"); Puerto Rico's disability protection statute, Law No. 44 of July 2, 1985, P.R. Laws Ann. tit. 29 §§ 501 et seq. ("Law No. 44"); Puerto Rico's general anti-discrimination statute, Law No. 100 of June 30, 1959, P.R. Laws Ann. tit. 29 §§ 146, et seq. ("Law 100"); and Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 §§ 5141 and 5142 (Docket No. 1 at ¶¶ 1-2, 4 and 17; Docket No. 45 at ¶ 5.C).

Lizanne Reyes-Feliciano, *et al.* v. Marshalls, *et al.*
Civil No. 14-1234 (PAD)
Opinion and Order
Page 2

950 F.2d 816, 822 (1st Cir. 1991), cert. denied 504 U.S. 985 (1992).

The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A factual dispute is "genuine" if it could be resolved in favor of either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). It is "material" if it potentially affects the outcome of the case in light of applicable law. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004). As to issues on which the nonmovant has the burden of proof, the movant need to no more than aver absence of evidence to support the nonmoving party's case. Celotex Corp., 477 U.S. at 325; Mottolo v. Fireman's Fund Insurance, 43 F.3d 723, 725 (1st Cir. 1995).

Once the moving party has satisfied this requirement, the nonmoving party has the burden of presenting facts that demonstrate a genuine issue of material fact for trial. LeBlanc v. Great American Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993). All reasonable factual inferences must be drawn in favor of the party against whom summary judgment is sought. Shafmaster v. United States, 707 F.3d 130, 135 (1st Cir. 2013).

To resist summary judgment, the nonmovant must do more than show some metaphysical doubt as to a material fact. Matsushita Elec. Inds. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Conclusory allegations, empty rhetoric, unsupported speculation, or evidence which, in the aggregate, is less than significantly probative will not suffice to ward off a properly supported motion for summary judgment. Nieves-Romero v. United States, 715 F.3d 375, 378 (1st Cir. 2013). Careful record review reflects absence of genuine dispute as to the facts identified in the section that follows. Based on those facts, Marshalls is entitled to judgment as a matter of law.

## II.      FINDINGS OF FACT

### A.  Position and Responsibilities

Reyes was born on August 9, 1960. See, Docket No. 31-2, Defendant's "Statement of Uncontested Material Facts" ("SUMF") at ¶ 1.  She started working for Marshalls in 1977.  SUMF at ¶ 2.  She is assigned to the Rexville store, which opened in June 2012.  Since that point, she has been the Store Manager. SUMF at ¶ 4.  Co-defendant Radamés López is the District Manager for District #1307, the district Reyes' store is assigned to. SUMF at ¶ 6.  He has been Reyes' immediate supervisor since 2004. SUMF at ¶ 7.

### B.  Medical Leave

Reyes suffered a severe depression for reasons not related to her job and, thus, was on medical leave from March 11, 2013 to April 29, 2013. SUMF at ¶ 8.  Upon returning from leave, she discussed her medical condition with López; Socorro Fontánez, Field Associate Relations Manager; and Dana Bullock, Regional Human Resources Manager from Region thirteen, assuring them that her medical condition was not caused by or related to her job. SUMF at ¶ 9.

### C.  Changes in Sunday Work Schedule

On April 29, 2013 Reyes requested that Marshalls exempt her from Sunday work to take care of her ailing mother. SUMF at ¶ 10.  She was informed that her request would be discussed with the Regional Office.  In the meantime, she was allowed to take Sundays off, provided that her assistant managers handle her work load. Id.  Reyes did not work Sundays between April 29, 2013 and June 26, 2013. SUMF at ¶ 12.[2]

---

[2] Plaintiffs "partially admitted" this statement, claiming the documents provided by defendants do not support the proposed statement.  A review of the documents confirms otherwise.  Therefore, the fact is deemed admitted.

### D.  Performance Issues

During the second week of May 2013, Reyes received a visit from Bullock and Fontánez. SUMF at ¶ 13.[3]  Two (2) weeks later, she received a visit from David Loustin, Loss Prevention Regional Manager; Elizabeth Cruz, Loss Prevention District Manager; and López.  SUMF at ¶ 14. On June 26, 2013, she was asked by López to meet with him at Marshalls District Office in Carolina, Puerto Rico, for a formal counseling related to the deficiencies found in her store during the May 2013 visits. SUMF at ¶¶ 15-16.[4]

López handed Reyes a "Corrective Action" because merchandise did not satisfy presentation standards; merchandise was in backroom even though there was room in sales floor; and Reyes had to set clear expectations to her team (Docket No. 31, Exh. 6). Reyes acknowledged the deficiencies highlighted therein and explained the steps taken to work on them. Id. at p. 2.  At no point during the meeting Reyes informed López that she was not feeling well. SUMF ¶ 17.[5]

### E.  Hospitalization and Leave of Absence

On June 26, 2013, Reyes had what she described as a "small stroke," as a result of which she was hospitalized. SUMF ¶ 19.   Socorro Fontánez, Field Associate Relations Manager for

---

[3] Again, plaintiffs "partially admitted" this statement as unsupported. Because the statement is properly supported by the record citation, this fact is deemed admitted.  Plaintiffs raised the same general objection with respect to SUMF ¶¶ 14 and 15, with the same result.  And so they are both deemed admitted.

[4] Surprisingly, plaintiffs denied this statement, claiming, without more, that López was "showing effects of loss memory since the beginning of the 2013" and could not remember his high school graduation date nor the name of the school. In support of her assertion, she included a post-summary judgment "Statement Under Penalty of Perjury" dated June 29, 2015 (Docket No. 45-2). Her statement does not contest SUMF ¶ 16.  As such, the statement is deemed admitted.

[5] Plaintiffs denied this statement by claiming, without any elaboration, that the documents provided do not support the proposed fact.  Additionally, they mentioned parts of Reyes' deposition testimony.  But those parts do not contradict SUMF ¶ 17.  They refer to what Reyes explained to López' secretary, not to López himself.  In fact, she admitted under oath that she never informed López during this meeting that she was not feeling well.

Marshalls visited her at the hospital on June 27 and June 29, 2013.  Reyes informed Fontánez that her hospitalization had nothing to do with her conversation with López. SUMF ¶ 20.[6]

After being on medical leave for one (1) year due to her stroke, Reyes returned to work on June 26, 2014, without need for any special accommodation. SUMF ¶ 21.  During her leave she requested and was granted short-term and long-term disability benefits. SUMF ¶ 22.  She is currently an active employee at Marshalls, and has no claims related to the post-leave period. SUMF ¶ 24-25.

## III.    DISCUSSION

### A.  Disability

Reyes alleges that defendants discriminated against because of disability in violation of ADA and Law 44 (Docket No. 1 at ¶ 1; Docket No. 45 at ¶ 5.C).[7]  The ADA makes it illegal for employers to discriminate against employees because of disability. 42 U.S.C. §§ 12112(b)(1).[8]  To establish a *prima facie* case of disability discrimination, a plaintiff must show that she (1) was disabled within the meaning of the statute; (2) was qualified; and (3) suffered an adverse

---

[6] Plaintiffs denied this fact, yet did not generate a genuine dispute as to it.  To the contrary, they referred to Reyes' post-summary judgment affidavit, portions of which are inconsistent with Reyes' previous deposition testimony, without any explanation for the inconsistencies.  On that basis, the court will not consider those portions of the affidavit.  See, Morales v. AC Orssleff's EFTF, 246 F.3d 32, 35 (1st Cir. 2001) ("When an interested witness has given clear answers to unambiguous questions, he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed"); Torres v. E.I. Dupont de Nemours & Co., 219 F.3d 13, 20 (1st Cir. 2000)(same).

[7] Law No. 44 is the Puerto Rico analogue to the ADA.  González v. El Día, Inc., 304 F.3d 63, 74 n.8 (1st Cir. 2002); Salgado-Candelario v. Ericsson Caribbean, 614 F.Supp.2d 151, 175 (D.P.R. 2008).  It was modeled after the ADA, to harmonize Puerto Rico law with the federal statute. Arce v. ARAMARK Corp., 239 F.Supp.2d 153, 168-169 (D.P.R. 2003); Franco v. GlaxoSmithKline, 2009 WL 702221, *31 n. 17 (D.P.R. March 11, 2009).  The elements of proof for a claim under Law No. 44 are essentially the same as for a claim under the ADA. Zayas v. Commonwealth of Puerto Rico, 378 F.Supp.2d 13, 23-24(D.P.R. 2005); Torres-Oliveras v. Special Care Pharmacy Services, 2011 WL 2199354, *9 (D.P.R. June 6, 2011).  Since in that sense the statutes are coterminous - Ruiz-Rivera v. Pfizer Pharmaceuticals, LLC, 521 F.3d 76, 87 (1st Cir. 2008); Acevedo López v. Police Dept. of Com. of Puerto Rico, 247 F.3d 26, 29 (1st Cir. 2001) - the disability discrimination claims will be analyzed under the ADA.

[8] Neither the ADA nor Law No. 44 provides for individual liability.  See, Román v. University of Puerto Rico, 799 F.Supp.2d 120, 131-132 (D.P.R. 2011)(so explaining).  On that basis, if nothing else, the corresponding claims against Reyes' supervisor would have to be dismissed.

employment action.  Jones v. Walgreens Co., 679 F.3d 9, 14 (1st Cir. 2012).  If the plaintiff has made a *prima facie* showing, the defendant must articulate a legitimate, non-discriminatory reason for the employment decision.  Id.  Should defendant meet this burden, the plaintiff must show that defendant's reason is mere pretext, cloaking discriminatory animus.  Freadman v. Metropolitan Property and Cas. Ins. Co., 484 F.3d 91, 99 (1st Cir. 2007).

Reyes has not satisfied the initial burden of establishing a *prima facie* case of discrimination.  Defendants concede that she is a disabled individual within the meaning of the ADA.  And because there is no indication that Reyes is unable to undertake or carry out the essential functions of the Store Manager position she has been assigned to since 2012, she may be considered qualified.  See, Phelps v. Optima Health, Inc., 251 F.3d 21, 25 (1st Cir. 2001)(noting that to be considered qualified, the employee must show, among other things, that she is able to perform the position's essential functions with or without reasonable accommodation).  But the record shows no adverse action.

An adverse action is one that is materially adverse in that it carries tangible consequences.  At bottom, it involves – or is relied on to support – a material change in terms and conditions of employment such as termination, suspension, failure to promote, demotion, or materially disadvantageous transfers or reductions in compensation.  Blizzard v. Marion Technical College, 698 F.3d 275, 290 (6th Cir. 2012); Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1261 (11th Cir. 2001).  Whether an employment action is materially adverse, is gauged by an objective standard.  Morales-Vallellanes v. Potter, 605 F.3d 27, 35 (1st Cir. 2010) (citing Blackie v. Maine, 75 F.3d 716, 725 (1st Cir 1996)).  An employee's displeasure at an action, standing alone, does not render it materially adverse.  Gómez-Pérez v. Potter, 452 Fed.Appx. 3, 8 (1st Cir. 2011).

Reyes complains of unjustified verbal reprimands, counseling and biased inspections (Docket No. 1 at ¶ 13).  Employer criticism is an ordinary and appropriate feature of the workplace. Davis v. Town of Lake Park, Fla., 245 F.3d 1232, 1242 (11th Cir. 2001).  It can prompt an employee to improve her performance, and thus lead to a more constructive employment relationship.  Oest v. Illinois Dept. of Corrections, 240 F.3d 605, 613 (7th Cir. 2001).  For that reason, counseling, reprimands, and warnings are a proper instrument for management to focus employees' attention on the need to correct some workplace behavior that the employer perceives as needing correction.  Fernández-Ocasio v. Walmart Puerto Rico, Inc., 94 F.Supp.3d 160, 173 (D.P.R. 2015).  Performance improvement plans serve much the same purpose, with a sense of added importance for the employee to overcome the problems the employer has identified. Echevarria v. AstraZeneca, LP, ---F.Supp.3d----, 2015 WL 5719809, *13 (D.P.R. 2015).

In turn, none of those actions resulted in material changes in the terms and conditions of Reyes' employment.  As such, they are not materially adverse.  See, Bhatti v. Trustees of Boston University, 659 F.3d 64, 73 (1st Cir. 2011)(critical memoranda and reprimands without tangible consequences not considered materially adverse); Givens v. Cingular Wireless, 396 F.3d 998 (8th Cir. 2005)(placing employee on performance improvement plan without more not deemed adverse employment action); Hicks v. Rubin, 6 Fed.Appx. 70, 73 (2d Cir. 2001)(negative performance reviews insufficient to rise to level of materially adverse employment action); Newton v. Office of the Architect of the Capitol, 905 F.Supp.2d 88, 94 (D.D.C. 2012)(job-related criticism in itself not materially adverse); Oest, 240 F.3d at 613 (reprimands and unfavorable performance evaluations alone not recognized as adverse employment actions); Davis, 245 F.3d at 1241 (counseling and low or negative performance ratings in themselves not enough to configure an adverse employment action)(collecting cases).

In the same way, inspections in the form of extreme supervision and snubbing do not satisfy the adverse action prong.  See, Gómez-Pérez, 452 Fed.Appx. at 8 (extreme supervision and snubbing not recognized as materially adverse); Hicks, 6 Fed.Appx. at 72 (constant monitoring and workload reviews do not constitute materially adverse employment actions).  They do not do so even if combined with an increased workload.  See, Marrero v. Goya of Puerto Rico, Inc., 304 F.3d 7, 23-25 (1st Cir. 2002)(the fact that plaintiff was required to do more work under extreme supervision did not rise to level of an adverse employment action).  What is more, that plaintiff may have been advised of a potential termination if she did not improve her performance is unavailing.

Pre-disciplinary personnel actions do not rise to the level of material activity required to sustain a discrimination claim.  Gómez-Pérez, 452 Fed.Appx. at 8.  The ADA does not bar dialogue on problems such as substandard job performance.  Tyndall v. National Educ. Centers, Inc. of California, 31 F.3d 209, 215 (4th Cir. 1994).  And even the possibility of dismissal mentioned in an action plan is not materially adverse, for it is contingent on future developments rather than being a present plan or decision.  Agnew v. BASF Corp., 286 F.3d 307, 310 (6th Cir. 2002).  Thus, Reyes has failed to make out a *prima facie* case.  See, Velázquez-Fernández v. NCE Foods, Inc., 476 F.3d 6, 11 (1st Cir. 2007) (summary judgment dismissing claim of plaintiff who did not suffer an adverse employment action, and as a result, did not succeed in establishing a *prima facie* case of discrimination).

Assuming Reyes made a *prima facie* case, which is not the situation here, defendants have put forward legitimate, non-discriminatory reasons for their actions.  To that end, Marshalls visited Reyes' store – a legitimate managerial prerogative – after which Reyes was counseled because merchandise did not satisfy presentation standards; merchandise was in backroom even though

there was room in the sales floor, and she had to set clear expectations to her team (Docket No. 31, Exh. 6).

These are legitimate grounds for the challenged action.  See, Ajao v. Bed Bath and Beyond, Inc., 2008 WL 345505,* 4 (5th Cir. Feb. 8, 2008)(plaintiff's poor communication with store associates considered a legitimate ground for employer's decision not to promote employee); Klein v. Great Atlantic & Pacific Tea Co., 1997 WL 336222, *1, *3 (5th Cir. Jun.3, 1997)(plaintiff's failure to comply with employer's inventory policy deemed legitimate ground for discharge); Shah v. American Botting Co., Inc., 2009 WL 3229405, at *3, *8 (C.D. Ill. Oct. 2, 2009)(lack of organization in plaintiff's store recognized as valid reason for challenged action); Ploplis v. Panos Hotel Group, L.L.C., 267 F.Supp.2d 487, 490, 494 (M.D.N.C. 2003)(same with respect to cleanliness problem in hotel of which plaintiff was manager); Miller v. Thornburgh, 1990 WL 1109833, *6 (EEOC October 29, 1990)(same as to employee's perceived disorganization).

Reyes has not shown that the actions she complains of are pretextual.  Pretext means something worse than business error.  It means deceit – a lie – to cover one's tracks.  Collazo-Rosado v. University of Puerto Rico, 765 F.3d 86, 97 (1st Cir. 2014); Ronda-Pérez v. Banco Bilbao Argentaria--Puerto Rico, 404 F.3d 42, 45 (1st Cir. 2005)(quoting Kulumani v. Blue Cross Blue Shield Ass'n, 224 F.3d 681, 684 (7th Cir. 2000)).  Its analysis is more demanding than the assessment of whether a *prima facie* case has been established.  Mariani-Colón v. Department of Homeland Sec. ex. rel. Chertoff, 511 F.3d 216, 222 (1st Cir. 2007).  It moves the inquiry to a new level of specificity.  Kosereis v. Rhode Island, 331 F.3d 207, 213 (1st Cir. 2003).  Hence, the plaintiff must show that the employer did not honestly believe in the accuracy of the reason given for the action at issue.  Adamson v. Walgreens Co., 750 F.3d 73, 79 (1st Cir. 2014).

A party may demonstrate pretext through circumstantial evidence.  This includes but is not limited to a showing that the employer has proffered different and arguably inconsistent explanations for its decision, unless the record reveals that the real motive was an unstated reason that is nondiscriminatory, Collazo-Rosado, 765 F.3d at 93; probative discriminatory comments, González, 304 F.3d at  69-72; and comparative evidence.  Koseris, 331 F.3d at 213.  No such evidence was presented in this case.  And in the "Corrective Action" given to her, Reyes acknowledged the deficiencies highlighted therein and explained the steps taken to work on them (Docket No. 31, Exh. 6 at p. 2).  That level of acceptance is inconsistent with a finding of pretext.

Finally, it is unclear whether Reyes also seeks redress for lack of reasonable accommodation.  Discrimination includes failure to provide reasonable accommodation unless doing so imposes undue hardship on the employer.  42 U.S.C. § 12112(b)(5)(A); Colón-Fontánez v. Municipality of San Juan, 660 F.3d 17, 32 (1st Cir. 2011); McCarroll v. Somerby of Mobile, LLC, 595 Fed.Appx. 897, 899 (11th Cir. 2014).  Nevertheless, Reyes never requested a reasonable accommodation to perform her position's essential functions.  Even though she asked for a special adjustment in her work schedule on Sundays to take care of her mother, such type of accommodation is not available under the ADA.  An employer is not required to accommodate an employee based on her association with a disabled person.  Torres-Alman v. Verizon Wireless Puerto Rico, Inc., 522 F.Supp.2d 367, 387 (D.P.R. 2007).

Besides, the uncontested facts confirm that (i) Reyes was allowed to take Sundays off; and (ii) her two assistant managers took care of her duties while she was taking care of her mother those days.  Moreover, she was granted leave of absence in addition to short-term and long-term disability benefits.  Thus, any lack of reasonable accommodation claim would fail.  Together with the lack of a *prima facie* case, existence of legitimate non-discriminatory reasons for the

Lizanne Reyes-Feliciano, *et al.* v. Marshalls, *et al.*
Civil No. 14-1234 (PAD)
Opinion and Order
Page 11

employer's actions, and absence of pretext, Reyes' disability discrimination claims must be dismissed.

**B.  Age**

Reyes alleges to have been discriminated against because of her age in violation of the ADEA and "the Puerto Rico Law against discrimination" (Law No. 100) (Docket No. ¶ 17).[9] Under the ADEA, an employer may not "discharge ... or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of [her] age." 29 U.S.C. § 623(a)(1).  A plaintiff asserting a claim under the ADEA has the burden of establishing "that age was the 'but-for' cause of the employer's adverse action." See, Acevedo-Parrilla v. Nobartis Ex-Lax, Inc., 696 F.3d 128, 138 (1st Cir. 2012) (quoting Gross v. FLB Fin. Servs., Inc., 557 U.S. 167, 177 (2009)).  Differently stated, the plaintiffs' age must have been the determinative factor as opposed to merely a determinative factor in the employer's decision.  Goss, 557 U.S. at 168.

A plaintiff may prove her case by direct or circumstantial evidence.  Direct evidence is evidence from which the trier of fact may conclude, without inference, that the employment decision was undertaken because of the employee's protected status.  Sanders v. Southwestern Bell Telephone,L.P., 544 F.3d 1101, 1105 (10th Cir. 2008).  No such evidence has been proffered here.  In the absence of direct evidence of discrimination, courts evaluate ADA discrimination claims under the burden-shifting framework drawn from McDonnell Douglas v. Green, 411 U.S. 792 (1973).

---

[9] The ADEA does not recognize individual liability.  See, Albite v. Polytechnic University, 5 F.Supp.3d 191, 197 (D.P.R. 2014)(so holding).  That is why the ADEA action against Reyes' supervisor could be dismissed on this ground alone.

In line with this framework, the plaintiff must establish that she (1) was at least 40 years old at the time of the adverse action; (2) met the employer's legitimate expectations; (3) suffered an adverse employment action; and (4) was treated less favorably than substantially younger employees. Sánchez v. Puerto Rico Oil Co., 37 F.3d 712, 719 (1st Cir. 1994).[10]  If plaintiff makes out a *prima facie* showing of discrimination, the defendant must articulate a legitimate, non-discriminatory reason for the adverse action.  Velázquez-Fernández, 476 F.3d at 11.  Should the defendant satisfy that burden, plaintiff must show that the proffered legitimate reason is a pretext for age discrimination.  Id.

Reyes cannot establish a *prima facie* case of age discrimination.  Although she was over 40 years of age during the relevant period and defendants concede that she met Marshalls' expectations, as noted earlier in connection with the ADA the record is devoid of evidence that would support a finding that (1) she suffered an adverse employment action; or (2) the employer's asserted grounds for the challenged actions are anything but legitimate and non-discriminatory.

Reyes asserts that she is the oldest store manager, and although there are 19 sore managers in Puerto Rico, only two (2) managers – herself included - are 50 years old or older, the rest being under 45 years of age (Docket No. 45 at p. 12).  The numbers are meaningless, for in the end do not show that Marshalls treated significantly younger employees more favorably than it treated Reyes.  The core of a discrimination action is the assertion that the defendant treated plaintiff less favorably than others on account of protected characteristics.  In each case, plaintiff must focus on

---

[10] Different courts use different formulations of the *prima facie* case depending on the particular animus and type of employment decision involved.  See, Sánchez, 37 F.3d at 719 (explaining need for adjustment in formulations).  As applied in ADEA cases, for example, the fourth element typically evaluates whether someone younger was treated more favorably with respect to the problem in question.  As to the meaning of "younger," the Supreme Court has stressed that an inference of discrimination cannot be drawn by comparing plaintiff to another worker who is "insignificantly younger. "  O'Connor v. Consolidated Coin Caterer's Corp., 517 U.S. 308, 313 (1996).  For a discussion of the elements of the *prima facie* framework in different contexts under the ADEA, see I Barbara T. Lindemann, Paul Grossman, & C. Georffey Weirich, *Employment Discrimination Law*, 12-67 (5th Ed. 2012); and Barbara T. Lindemann & David D. Kadue, *Age Discrimination in Employment Law*, 363-364 (2003).

the treatment received by those other employees.  Windross v. Barton Protective Services, 586 F.3d 98, 103-104 (1st Cir. 2009); Kosereis, 331 F.3d at 214.  To be comparable, those employees must have been similarly situated to plaintiff in all relevant respects, such that they must have dealt with the same supervisor, and must have engaged in the same conduct as she.  Rathbun v. Autozone, Inc., 361 F.3d 68, 76 (1st Cir. 2004); Benoit v. Technical Mfg. Corp., 331 F.3d 166, 174 (1st Cir. 2003); Rivas-Rosado v. Radio Sack, Inc., 312 F.3d 532, 535 (1st Cir. 2002); Lowery v. Hazelwood School Dist., 244 F.3d 654, 660-661 (8th Cir. 2001); Mitchell v. Toledo Hosp., 964 F.2d 577, 583 (6th Cir. 1992); Mariani-Colón, 511 F.3d at 221-222.

Reyes made no such showing, with facts sufficient to establish that adverse employment actions were not undertaken against similarly situated employees outside of the protected range. She offered no evidence that significantly younger store managers were inspected, reprimanded, or counseled under similar circumstances (even on the assumption that those actions are properly considered materially adverse employment actions).  The evidence does not demonstrate that the employer's articulated reasons for its decision are pretextual, much less a pretext for age discrimination.  There is no basis to conclude that Marshalls acted because of Reyes' age.

Puerto Rico Law 100 "provides a cause of action in favor of persons who suffer discrimination in their employment because of their age.  A plaintiff establishes a *prima facie* case of discrimination under this statute by demonstrating that (1) she suffered an adverse employment action, (2) the adverse action lacked just cause; and (3) there exists some basic fact substantiating the type of discrimination alleged.  Salva v. Eagle Global Logistics, 2006 WL 2685106, *3 (D.P.R. September 18, 2016); Morales v. Nationwide Insurance Co., 237 F.Supp.2d 147, 152 (D.P.R. 2002); Hernández v. Trans Oceanic Ins.Co., 151 D.P.R. 754, 774-775 (2000).  The concept of just cause is dynamic, and its application contextual.  In general, it involves grounds reasonably related

to the proper operation of the employer's enterprise.  Srio. del Trabajo v. G.P. Industries, Inc., 153

D.P.R. 223, 254 (2001).[11]

If the *prima facie* showing is made, a statutory presumption of liability is triggered, shifting

to the employer the burden of showing by a preponderance of the evidence that the action was not

motivated by discrimination.  Reyes' claim under Law No. 100 cannot stand because, as discussed

earlier, the record is devoid of adverse employment actions.  Additionally, she has not put forward

evidence that the employer lacked just cause for the action she questions.[12]  So the age

discrimination claims must be dismissed.  See, Velázquez-Fernández, 476 F.3d at 11 (summary

judgment dismissing ADEA and Law No. 100 claims for lack of evidence to infer that employer's

justification was a pretext for impermissible age discrimination).

## C.  Law No. 80

Reyes alleges entitlement to discharge indemnity under Law No. 80  (Docket No. 1 at p.

16).  The statute makes certain employers liable for payment of an indemnity to employees hired

for undefined term who are dismissed without just cause.  P.R. Laws Ann. tit. 29 § 185(a).[13]  Insofar

---

[11] For a detailed and comprehensive discussion of this topic, see J.L. Capó-Matos, in M.J. Caterine (ed.), *Employment at Will: A State-by-State Survey*-Puerto Rico Chapter (2011), pp. 936-969.

[12] As pointed out above, plaintiff was counseled because merchandise did not satisfy presentation standards; merchandise was in backroom even though there was room in sales floor, and she had to set clear expectations to her team (Docket No. 31, Exh. 6). These are legitimate grounds for the employer's decision; are reasonably related to defendant's business objectives; and therefore rise to the level of just cause in this case.

[13] The indemnity consists of: (A) two (2) months' pay plus one (1) week's pay for each completed year of service in case of employees with up to five (5) years of service; (B) three (3) months' pay plus two (2) weeks of pay for each completed year of service in case of employees with more than five (5) but less than fifteen (15) years of service; and (C) six (6) months' pay plus three (3) weeks' pay for each completed year of service in case of employees with fifteen (15) or more years of service,  P.R. Laws Ann. tit. 29 § 185(a).  See, Soto-Lebrón v. Federal Express Corp., 538 F.3d 45, 55 (1st Cir. 2008)(describing Law No. 80 compensation formula). As explained in Jorge L. Capó-Matos, supra, pp. 935-936, the indemnity is colloquially referred to as the "mesada," a Spanish language term that denotes a monthly payment, which has its distant origin in Article 302 of the Spanish Commerce Code of 1886, which continued in effect after Spain ceded its sovereignty over Puerto Rico as part of the peace treaty to end the Spanish American War.  Law No. 50 of April 20, 1949, established Puerto Rico's first comprehensive wrongful discharge statute, with an indemnity equivalent to one (1) month's pay – which also explains the use of the colloquial term.  For approximately 27 years after the enactment of Law No. 50, the statutory wrongful discharge indemnity payment was limited to the equivalent of one (1) month's salary.  Law No. 50 was replaced by Law No. 80 in 1976 to, among other things, increase the amount of indemnity to be paid in the event of a dismissal without just cause.  Since then, additional increases in the indemnity have been legislated into

as it is uncontested that Reyes has not been terminated from her employment with Marshalls, the

Law 80 claim fails.  See, Velázquez, 476 F.3d at 12 (summary judgment dismissing Law 80 claim

of plaintiff who had not been discharged from employment).

### D.  Civil Code

Reyes seeks relief under Articles 1802 and 1803 of the Puerto Rico Civil Code for

emotional and mental damages on account of allegedly negligent conduct linked to asserted

violations of the ADA, ADEA, and antidiscrimination laws of Puerto Rico (Docket No.1 ¶ 17;

Docket No. 45 at ¶ 5.C).  Article 1802, Puerto Rico's general tort statute, provides that a person

who by an act or omission causes damages to another through fault or negligence shall repair the

damage so done.  P.R. Laws Ann. tit. 31 § 5141. Article 1803 applies the principle of *respondeat*

superior to Article 1802 claims. P.R. Laws Ann. tit. 31 § 5142; Pagán-Cólon v. Walgreens of San

Patricio, Inc., 697 F.3d 1, 16 (1st Cir. 2012).

To the extent a specific labor or employment statute covers the conduct for which a plaintiff

seeks damages, she is barred from relying on the same conduct to support a claim for damages

under article 1802.  See, Santana-Colón, 81 F.Supp.3d at 140-141 (D.P.R. 2014)(so recognizing).

The remedies available to the employee for violation of the labor/employment statute will be the

remedy established in the statute prohibiting the conduct complained of.  Id. at 141.  Because

Reyes in effect seeks redress under Article 1802 for conduct allegedly covered by the ADA,

ADEA, Law 44 and Law 100, her claims under Articles 1802 and 1803 must be dismissed.  See,

Santana-Colón, 81 F.Supp.3d at 140 (dismissing claims under similar circumstances).

---

the statute.  For a description of the historical development of wrongful dismissal actions in Puerto Rico, see Santana-Colón v.
Houghton Mifflin Harcourt Pub. Co., 81 F.Supp.3d at 140-141.

### E.  <u>Reyes' Son</u>

Ricardo Alejandro - Reyes' son - requests relief under Article 1802 of the Puerto Rico Civil Code due to his mother's suffering (Docket No. 1 at ¶ 24).  The Puerto Rico Supreme Court permits relatives of a person who has been the victim of employment discrimination to bring emotional damage claims pursuant to Article 1802 to be compensated for harm to them resulting from the discrimination.  <u>Pagán-Cólon</u>, 697 F.3d at 16; <u>Albite</u>, 5 F.Supp.3d at 198.

Such claims are contingent upon, and cannot survive independently of the principal plaintiff's underlying employment discrimination claim.  If the principal plaintiff's claim fails, so too does the relative's derivative claim.  <u>Cabán-Hernández</u> v. <u>Philip Morris USA, Inc.</u>, 486 F.3d 1, 12-13 (1st Cir. 2007); <u>Marcano Rivera</u> v. <u>Pueblo Intern., Inc.</u>, 232 F.3d 245, 258 n.7 (1st Cir. 2000); <u>Marrero</u> v. <u>Schindler Elevator Corp.</u>, 494 F.Supp.2d 102, 112 (D.P.R. 2007).  Considering that Reyes' own discrimination claims cannot survive, her son's derivative claim under Article 1802 must be dismissed.  <u>See</u>, <u>Santana-Colón</u>, 81 F.Supp.3d at 141 (dismissing derivative claim pursuant to Fed. R. Civ. P. 12(b)(6)); <u>Albite</u>, 5 F.Supp.3d at 198 (same, albeit pursuant to Fed. R. Civ. P. 56).

## IV.    <u>CONCLUSION</u>

Where a nonmovant bears the burden of proof, to defeat summary judgment she must point to evidence significantly probative of specific facts sustaining all of the elements of the nonmovant's claim(s).  The evidence submitted in this case is not enough to create a genuine issue of material fact justifying a trial.  Defendants are entitled to prevail as a matter of law.  Thus, the Court GRANTS the motion for summary judgment at Docket No. 31, and DISMISSES the complaint.  Judgment shall be entered accordingly.

Lizanne Reyes-Feliciano, *et al.* v. Marshalls, *et al.*
Civil No. 14-1234 (PAD)
Opinion and Order
Page 17

**SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of February, 2016.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge